UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM E. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 19-44 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff William E. Powell is on a mission to uncover financial information related to his late father and grandfather's trusts, estates, and businesses. He also seeks information about himself. Powell is no stranger to this Court; indeed, he has been employing the Freedom of Information Act to obtain these records for years. See Nos. 16-1682, 17-278, 17-2396, 17-2435, 18-453, 18-847, 18-2675. In the current action, he seeks documents from the Social Security Administration. After receiving his request, SSA conducted a search and released to him certain material. When Powell challenged such response by filing this suit, the agency conducted another search and disclosed additional items. Having done so, it now moves to dismiss or, in the alternative, for summary judgment. Because Defendant has fully explained its search and sufficiently demonstrated that it has released all relevant documents, the Court will grant the Motion.

**I.  Background**

The parties agree that on October 6, 2018, Powell submitted a Privacy Act request via SSA's FOIA Public Liaison email address. See ECF No. 1 (Complaint); ECF No. 12 (Motion to

1

Dismiss), Exh. D (Declaration of Monica Chyn), ¶ 3. He requested the following information regarding his account: "Account Data, Payment Data and Beneficiary Data[,] . . . summary of yearly earnings and quarters of coverage, self-employment, certificate of coverage, and establishing a foreign coverage exemption under a Social Security Agreement." MTD, Exh. A (Pl. Req.) at 1–2. He asked for this information under his Social Security Number or any cross-referenced Individual Taxpayer Identification Number (ITIN) for the years 1985 through 2017. Id. Powell sought a search of the following systems: "Earning Record and Self-Employment income System, Social Security Administration, Office of System, Master Files of Social Security Number (SSN) Holders and SSN Application, Social Security Administration (SSA), Master Beneficiary Record Social Security Administration, Deputy Commissioner for System, Office of Retirement and Survivors insurance system (ORSIS)." Id. at 7. While this request is difficult to parse, SSA replied to him a few days later. On October 10, 2018, a member of the Office of Privacy and Disclosure (OPD) at the Office of the General Counsel at SSA emailed Powell, confirming his request and giving him access to a tracking number. See Chyn Decl., ¶ 4.

Earnings information, however, is properly processed via the Division of Earnings and Business Services (DEBS). Id., ¶ 5. For this reason, eight days later OPD emailed Powell a letter that contained instructions about how he could file a DEBS request. Id. OPD admits that this email "inadvertently" failed to acknowledge his non-earnings requests. Id. In any event, DEBS indeed released a report of Powell's earnings for the years 1985–2017, which comprised earnings found in SSA's Earnings Recording and Self-Employment Income System, including any self-employment income. Id., ¶ 7.

After Powell filed suit, SSA conducted an additional search for the non-earnings records he had requested, including records of account, payment, and beneficiary data, quarters of

2

coverage, etc. Id., ¶ 8. It did not find these non-earnings records. Id., ¶¶ 10–11. On March 15, 2019, OPD mailed him a letter explaining that the search for his non-earning records had been unsuccessful. Id. This mailing also included a copy of his Numident (a file of information included in any applications he made for a Social Security card) and another copy of the documents Powell had already received from DEBS — *i.e.*, the summary and detailed earnings report.

SSA avers in its affidavit that when it sent him the March 15 letter, it had searched all "systems or locations" with "a reasonable likelihood of containing information responsive" to his request, and had mailed him all documents that were located and responsive to his request. Id., ¶¶ 9–11. Having so testified, SSA now moves for dismissal, arguing that the issue is moot, as it has released all relevant documents. In the alternative, SSA asks for summary judgment.

## II. Legal Standard

The Court must consider the legal standards for both a motion to dismiss and a motion for summary judgment. Rule 12(b)(1) governs a motion to dismiss for mootness, because when an issue is moot, the court lacks jurisdiction. See Indian River Cty. v. Rogoff, 254 F. Supp. 3d 15, 18 (D.D.C. 2017). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In order for federal courts to have jurisdiction over an issue, the Constitution requires the existence of "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013). Without such a dispute, the case must be dismissed as moot. Id. at 72. As a result, a mootness inquiry must precede the merits in the court's analysis.

3

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that would change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). In the event of conflicting evidence on a material issue, the Court is to construe the evidence in the light most favorable to the non-moving party. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006).

## III. Analysis

While Powell technically submitted his request under the Privacy Act, not FOIA, this has little bearing on the Court's analysis. Both Acts require agencies to conduct a reasonable search and create a private cause of action when an agency does not comply with a valid request for records. See Hillier v. CIA, 2018 WL 4354947, at *6 (D.D.C. Sept. 12, 2018). Although the exemptions to the Acts differ, courts in this circuit apply the same standards to assess the adequacy of a search under either statute. Id.; Chambers v. U.S. Dep't of Interior, 568 F.3d 998, 1003 (D.C. Cir. 2009).

In this case, Powell alleges that SSA has improperly handled his request. First, he claims that it is withholding documents he sought. He states that SSA provided him with only a summary self-employment earnings report, not a detailed (or itemized) report. See ECF No. 15 (Opp. to MTD) at 4 n.2. His claims are somewhat unclear, but he also possibly contends that SSA should have delivered to him the results of a search of the Master Earnings File (MEF). Id. at 5 n.3. Next, he challenges the adequacy of the search itself. Here, he maintains that SSA did not provide enough information about the content and details of the search and that it did not

4

sufficiently search the MEF. Id. at 3–4. SSA has filed a Motion to Dismiss for lack of subject-matter jurisdiction or, alternatively, a Motion for Summary Judgment. First, it contends that its release of the records sought renders the issue moot. Second, it maintains that the search is adequate. The Court will address the mootness question first and then discuss the search.

    A. Mootness

Powell's claims about allegedly withheld documents are properly dismissed as moot. When "[p]laintiffs have obtained . . . the relief they sought," a claim is moot because a court cannot offer relief. See, e.g., Cierco v. Lew, 190 F. Supp. 3d 16, 25 (D.D.C. 2016); see also Williams & Connolly v. SEC, 662 F.3d 1240, 1243–44 (D.C. Cir. 2011). Indeed, in analogous cases, this Court has explained that disputes about FOIA document releases should be resolved on mootness grounds when an agency credibly avers that it has actually released the documents at issue. See Powell v. IRS, 280 F. Supp. 3d 155, 158 (D.D.C. 2017); Am. Immigration Council v. U.S. Dep't of Homeland Sec., 905 F. Supp. 2d 206, 213 (D.D.C. 2012). These claims thus cannot proceed.

Powell rejoins that SSA provided "ONLY a Summary Earning (summary of yearly earnings and quarters of coverage)" and did not release detailed or itemized reports for self-employment earnings. See Opp. at 4 n.2. The signed affidavit submitted by OPD, however, explains that SSA did give him both a summary of his earnings records and an itemized report. See Chyn Decl., ¶¶ 10–11. The agency avers that these summary and itemized earnings reports were sent to him and were electronically tracked, delivered, and received. Id., ¶ 12. Such an agency affidavit is given a "presumption of good faith." See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Powell's demand for records accessible via a search of the MEF is also moot. See Opp. at 5 n.3. As Defendant explains, these have already been released "because the MEF is the same earnings system from which Defendant released Plaintiff's earnings records." ECF No. 16 (Reply) at 2. SSA also provides evidence from the Social Security Bulletin that the system of records SSA searched is coterminous with the MEF. Id. at 7.

### B. Adequacy of the Search

Powell next maintains that SSA has not completed an adequate search. Borrowing the standard applicable to FOIA, "[a]n agency fulfills its obligations . . . if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The adequacy of an agency's search for documents "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." Id. A search-adequacy inquiry includes consideration of facial validity and any specific deficiencies in the scope of the search. See Huntington v. U.S. Dep't of Commerce, 234 F. Supp. 3d 94, 103 (D.D.C. 2017). These factors both cut in SSA's favor.

#### 1. *Facial Validity*

SSA has conducted a facially adequate search. In order for this to be true, it need not search every one of its record systems, but must provide a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to

6

contain responsive materials (if such records exist) were searched." Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  SSA has presented such an affidavit.  It is reasonably detailed, as it provides a description of the locations searched and the search terms used, along with the reasoning behind such decisions.  See Chyn Decl., ¶¶ 1-13.  The affidavit also explains that any limitations on the search were not due to SSA noncooperation, but rather a result of Powell's confusing and patently impossible requests.  For example, he applied for a search based on his ITIN, a request SSA could not fulfil because it does not index or retrieve MBR and Numident records based on this criterion.  Id. ¶ 8.

The affidavit likewise contains the proverbial "magic words."  The "magic" statement in an agency's testimony is an "assertion that [the Department] searched all locations likely to contain responsive documents."  Bartko v. Dep't of Justice, 167 F. Supp. 3d 55, 64 (D.D.C. 2016).  Consistent with this requirement, SSA avers that "[t]here are no other systems or locations that have a reasonable likelihood of containing information responsive" to Powell's request.  See Chyn Decl., ¶ 9 (emphasis added).  As SSA's affidavit unequivocally attests that it searched all files reasonably likely to contain responsive information, the search is facially adequate.

### 2. *Specific Deficiencies*

Plaintiff nonetheless contends that SSA's declaration is insufficient: "Defendant did not provide any information regarding the search for 'Self-Employment' information on how the 'Self-Employment' Records were searched, search time used, time spent in the search, copy and review process, and the volume and location of documents found."  Opp. at 3.  For starters, this is not correct.  SSA did indeed provide information on how the agency searched for this information and the location of the documents found.  See Chyn Decl., ¶¶ 7–11.

No authority, moreover, supports Powell's analysis about the amount of description SSA must provide to document requesters. In fact, courts have explicitly declined to require that agencies provide the level of detail he seeks. E.g., Coffey v. Bureau Land Mgmt., 249 F. Supp. 3d 488, 501 (D.D.C. 2017) ("'[F]ailure . . . to identify' the database and software involved in its search . . . does not preclude summary judgment."); CREW v. Nat'l Indian Gaming Comm'n, 467 F. Supp. 2d 40, 50 (D.D.C. 2006) (rejecting argument that agencies "must reveal details about the search, 'including information regarding the actual databases or indices searched'"). As the information SSA detailed is sufficient, it meets the statute's requirements.

Powell also argues that the scope of the search was inadequate, as SSA did not search the MEF. See Opp. at 5 n.3. This argument gains no traction either. As previously established, SSA reports that the MEF was in fact searched and proffers evidence to support that proposition. See Reply at 2, 7.

## IV. Conclusion

For the foregoing reasons, the Court will grant SSA's Motion to Dismiss in part and otherwise grant the Motion for Summary Judgment. An Order accompanies this Memorandum Opinion.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 5, 2019

8